IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT B. CLEVELAND, )
)
    Plaintiff, )
)
v. ) Case No. CIV-12-789-D
)
TALENT SPORT, INC., *et al.*, )
)
    Defendants. )

**O R D E R**

Before the Court is Defendants Satilco, Tilley, and Sachs's Motion to Dismiss [Doc. No. 12], filed pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff has timely opposed the Motion, which is fully briefed and at issue.

**Factual Background**

Plaintiff Robert Cleveland brings suit against Defendant Talent Sport, Inc. ("TSI"), asserting claims related to the termination of their business relationship, including breach of contract, declaratory judgment, accounting, and slander. Plaintiff is a citizen of Oklahoma; TSI is a citizen of North Carolina. The Court's personal jurisdiction over TSI is undisputed. However, additional defendants are: Doug Tilley ("Tilley"), an individual citizen of North Carolina; Herb Sachs ("Sachs"), an individual citizen of Pennsylvania; and Satilco, Inc. ("Satilco"), which is either a North Carolina corporation or a general partnership comprised of partners Tilley and Sachs.[1] Plaintiff asserts a declaratory judgment claim against all defendants, and a slander claim against

---

[1] Plaintiff alleges Satilco is a corporation; Defendants contend Satilco is a partnership. Either way, Satilco is a nonresident defendant.

Tilley and Sachs. The moving defendants assert they have insufficient contacts with the State of Oklahoma to permit this action to be brought against them in this forum.

The Complaint does not articulate a basis for personal jurisdiction over the nonresident defendants. In response to the Motion, however, Plaintiff asserts that this Court has specific jurisdiction with respect to this action.[2] Plaintiff argues that his slander claim against Tilley and Sachs is properly brought in this forum under *Calder v. Jones*, 465 U.S. 783 (1984).[3] He contends Satilco may be sued in this forum "based on the alter-ego theory" because it is a "shell company used solely for Defendants Tilley and Sachs to derive a benefit at [Plaintiff's] expense." *See* Pl.'s Resp. Br. [Doc. No. 18] at 8 (citing *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974)).

## Standard of Decision

Plaintiff has the burden of establishing personal jurisdiction over each defendant. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000). If a Rule 12(b)(2) motion is decided without an evidentiary hearing on the basis of affidavits and written materials, Plaintiff need only make a *prima facie* showing that personal jurisdiction exists. *See Benton*, 375 F.3d at 1074; *Intercon*, 205 F.3d at 1247;

---

[2] The constitutional requirement of due process may be satisfied by showing "general" or "specific" personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General jurisdiction exists only if the defendant has maintained "continuous and systematic general business contacts" with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Plaintiff does not assert general jurisdiction exists with respect to any defendant.

[3] Plaintiff also argues that he had business dealings with Tilley and Sachs, through TSI, that were directed toward Oklahoma and created ongoing obligations toward an Oklahoma resident. This argument relates to "specific" personal jurisdiction (as explained below) for a contract-based action; it assumes Plaintiff had a contractual relationship with Tilley and Sachs. The Complaint does not allege the existence of a contract with Tilley or Sachs, and Plaintiff does not point to any factual allegations of his Complaint that would support this argument. Therefore, Plaintiff's contract-based jurisdictional argument is disregarded.

*see also Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). The Court must accept uncontroverted factual allegations as true, and resolve factual disputes in Plaintiff's favor. *Bartile Roofs*, 618 F.3d at 1159; *Rusakiewicz*, 556 F.3d at 1100; *Benton*, 375 F.3d at 1074-75; *Intercon*, 205 F.3d at 1247.

To establish personal jurisdiction of a nonresident defendant, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Bartile Roofs*, 618 F.3d at 1159 (internal quotation omitted); *Benton*, 375 F.3d at 1075 (same). Under Oklahoma law, the personal jurisdiction inquiry is simply a due process analysis. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *Intercon*, 205 F.3d at 1247. The familiar due process standard requires "minimum contacts" between the defendant and the forum state and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980); *Intercon*, 205 F.3d at 1247.

A plaintiff may satisfy the "minimum contacts" standard by establishing specific jurisdiction, which exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle*, 102 F.3d at 455 (quoting *Burger King*, 471 U.S. at 472) (emphasis added in *Kuenzle*); *see Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008); *Benton*, 375 F.3d at 1075-76. Purposeful conduct generally requires affirmative acts by the nonresident defendant that create a substantial connection to the state, and not simply unilateral activity of

3

others. *See Dudnikov*, 514 F.3d at 1073-74; *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004); *Benton*, 375 F.3d at 1078.

## Analysis

As stated above, Plaintiff contends specific jurisdiction exists over Tilley and Sachs based on his slander claim, and jurisdiction over Satilco is proper under an alter-ego theory. These two jurisdictional theories will be addressed separately.

**1.      Plaintiff's Tort-Based Action**

Plaintiff's argument regarding Tilley and Sachs utilizes the jurisdictional analysis of *Calder v. Jones*, 465 U.S. 783 (1984), to determine whether the "purposeful direction" requirement has been met in a tort action.[4] In that case, the Supreme Court found personal jurisdiction in California for a libel action against Florida residents arising from an article published in the *National Enquirer* about a California resident. The Court reasoned that the individuals' Florida conduct was aimed at California, where the subject of the article lived, worked, and suffered harm. *See id.* at 789-90. Addressing arguments by the individuals that they merely wrote and edited the article but their employer was responsible for its publication and circulation in California, the Court stated that each person's contacts with California must be assessed individually and the employees were "primary participants in an alleged wrongdoing intentionally directed at a California resident." *Id.* at 790.

From *Calder*, the court of appeals has distilled three salient factors to support an exercise of jurisdiction: "(a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum state." *See Dudnikov v. Chalk*

---

[4] This analysis also implicates the "fiduciary shield" doctrine raised by Tilley and Sachs and addressed in a separate section of Plaintiff's response brief. Their status as officers of TSI "does not somehow insulate [them] from jurisdiction" if they personally participated in tortious conduct expressly aimed at Oklahoma. *See Calder*, 465 U.S. at 790.

*& Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). These factors were found to be present in *Dudnikov*, which was a declaratory judgment action brought by internet retailers located in Colorado to determine whether certain products offered for sale on eBay infringed copyrighted works; the defendants were the British copyright holder and its American agent, located in Connecticut. In finding sufficient contacts with Colorado to permit suit there, the court of appeals relied on the facts that the defendant intentionally invoked a process available through eBay to block further sales of the offered products, and otherwise prevented the retailers from making any further sales from their business in Colorado, knowing their injury would occur in Colorado.

Here, Plaintiff alleges Tilley and Sachs made defamatory statements that were aimed at him in Oklahoma, where Plaintiff lives and has conducted TSI's business for many years. Plaintiff argues that, regardless of where and to whom the statements were made, this Court may exercise jurisdiction over Tilley and Sachs for purposes of his slander claim because "they fully knew that the brunt of their tortious conduct would be felt in Oklahoma by [Plaintiff]." *See* Pl.'s Resp. Br. [Doc. No. 18] at 4.

Upon consideration of Plaintiff's argument, the Court concludes it relies on an expansive view of *Calder* that is inconsistent with controlling case law. The Tenth Circuit plainly requires a greater showing than simply knowledge by an alleged tortfeasor that harm will be suffered in the forum state; the "expressly aiming" test "focuses more on a defendant's intentions – where was the 'focal point' of its purposive efforts." *Dudnikov*, 514 F.3d at 1075. In *Dudnikov*, for example, the court of appeals found the "expressly aiming" standard had been met because the defendants acted in a manner designed to terminate the retailers' auction in Colorado; the actions giving rise to the

suit were "performed for the very purpose of having their consequences felt in the forum state." *See id*. at 1075-76, 1077-78 (internal quotation omitted).

More recently, in *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011), the court of appeals revisited the issue in a case with greater factual similarity to this one. In *Shrader*, a former business associate of the plaintiff allegedly sent a defamatory email intended to ruin the plaintiff's professional reputation; the plaintiff lived and worked in Oklahoma, producing books and course materials for market traders that were sold by the defendant's internet-based companies. After the two men stopped doing business together, the defendant sent an email explaining the situation to a list of customers; another defendant then posted the email on an internet forum in response to an inquiry about the plaintiff's work. The court of appeals affirmed a dismissal of the defamation action for lack of personal jurisdiction over the nonresident defendants in Oklahoma.

In so doing, the court confirmed its restrictive reading of *Calder*, stating:

> "Some courts have held that the 'expressly aimed' portion of *Calder* is satisfied when the defendant individually targets a known forum resident. We have taken a somewhat more restrictive approach, holding that *the forum state itself must be the focal point of the tort*."

*Shrader*, 633 F.3d at 1244 (quoting *Dudnikov*, 514 F.3d at 1074 n. 9 (emphasis added in *Shrader*; citation, alteration, and quotations omitted in *Shrader*) (footnote omitted). The court of appeals found that "Oklahoma was not the focal point of the email . . . , either in terms of its audience or its content." *Id*. at 1245. Although the email was about the plaintiff's work, "there [was] nothing about the nature of the work inherently linking it to Oklahoma." *Id*. The plaintiff "produced his materials in Oklahoma because he happened to live there; his professional reputation in the trading community was not tied to Oklahoma, as Ms. Jones's was to the California entertainment industry in *Calder*." *Id*. Even considering the email sent to a targeted list of customers, the court looked to "the apt

6

analogues" of "phone calls, faxes, and letters sent by out-of-state defendants to forum residents," and found that nothing about the email itself demonstrated purposeful direction at Oklahoma and the plaintiff had presented no facts or evidence to show that the defendant knowingly sent it to recipients located in Oklahoma. *Id*. at 1247-48. The court of appeals concluded that the plaintiff "failed to make a prima facie showing that [the sender] directed the allegedly defamatory email to anyone in Oklahoma" and "that is a fatal deficiency in his case for specific personal jurisdiction over [the former business associate]." *Id*. at 1248.

The court of appeals in *Shrader* distinguished a recent, unpublished decision that also involved a defamatory message about the plaintiff and his company posted on an internet "web log" or "blog" by a former business associate. In *Silver v. Brown*, 382 F. App'x 723 (10th Cir. 2010), a dismissal for lack of personal jurisdiction was reversed as to the Florida defendant who created the blog in response to a failed business deal between his company and the plaintiff's New Mexico-based company. The court of appeals found in *Silver* that the defendant had expressly aimed his blog at New Mexico, which was the center of the plaintiff's business activities and the focus of the defendant's attack on the plaintiff and his company after their business deal failed. According to the court in *Shrader*, a different result was warranted under the facts of *Silver* because "both the derogatory message and the blog it was posted on uniquely targeted a business centered in the forum state and were directed at an audience that would inherently have included a substantial number of forum state residents and businesses." *See Shrader*, 633 F.3d at 1245.

In this case, Plaintiff's effort to establish personal jurisdiction in this forum for his defamation claim is supported only by the allegations of his pleading.[5] Upon consideration of the

---

[5] Plaintiff has submitted no affidavit or other evidentiary materials to establish personal jurisdiction.

7

facts alleged in the Complaint, which are accepted as true, the Court finds that Plaintiff has not provided sufficient facts to demonstrate the existence of personal jurisdiction over Tilley and Sachs for his slander action in Oklahoma.

Plaintiff alleges he worked for TSI in Norman, Oklahoma, where its sales and marketing offices are located; its principal place of business is in North Carolina. According to the Complaint, the corporation is owned in equal shares by Tilley and Sachs, who also were responsible for certain aspects of the business from their respective locations – Sachs, accounting and administrative functions in Pennsylvania, and Tilley, manufacturing and warehouse operations in North Carolina. The Complaint states Tilley retired from daily operations in 2008; it does not state the employment status of Sachs, age 86. Plaintiff allegedly served in various capacities during his tenure with the company, most recently as president. The Complaint states that Tilley and Sachs began actively trying to sell their stock in the company in 2006, and that Plaintiff attempted from 2007 to 2011 to reach an agreement to purchase their shares. Plaintiff alleges that after negotiations failed, the relationship between him and TSI's owners became strained, and they stopped communicating with him and TSI's officers and employees. Although the Complaint does not describe Plaintiff's current status with TSI, it would appear from allegations that TSI stopped paying Plaintiff's business expenses in 2011, failed to pay his earned commissions in January, 2012, and ceased paying his health insurance effective February 1, 2012, that Plaintiff is no longer employed by TSI.[6]

As pertinent to the defamation claim, the Complaint alleges that "Plaintiff learned on or about January, 2011, that Defendants Tilley, Sachs, and [TSI] were making false and defamatory

---

[6] Presumably, Plaintiff found a different employer or became self-employed in the same industry; the Complaint states that "[f]rom January, 2012, Plaintiff has been engaged in the athletic and hunting apparel business . . . ." See Compl. [Doc. No. 1], ¶ 62.

statements to third parties that Plaintiff was dishonest, that Plaintiff had stolen money from [TSI], that Plaintiff was lazy and unprofessional, and that [TSI] would not pay the money and benefits owed of over a million dollars because of Plaintiff's alleged dishonesty." *See* Compl. [Doc. No. 1], ¶ 40. The Complaint also alleges:

> 64. On or about October, 2011, Defendants [TSI], Sachs and Tilley made false and defamatory statements to Richard McGrath ("McGrath") that Plaintiff was dishonest and that Plaintiff had money [sic] from [TSI].
>
> 65. The defamatory matter, communicated to McGrath, did cause, and was calculated to cause, great injury to Plaintiff's reputation and to cause those persons to believe that Plaintiff was dishonest and a thief.
>
> 66. At the time of the defamatory publications, Defendant Tilley knew the words were untrue, and in making the defamatory publication, Defendants acted with malice towards Plaintiff.
>
> 67. As a result of the slanderous actions of Defendants [TSI], Sachs and Tilley of Defendant Tilley's *per se* slander of Plaintiff, Plaintiff has been damaged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.).

*Id.* In response to a separate motion challenging the sufficiency of these allegations to state a defamation claim, Plaintiff contends these allegations make clear that the slanderous statements were made by Sachs and Tilley as officers of TSI. *See* Pl.'s Resp. Defs.' 12(b)(6) Mot. Dism. [Doc. No. 17] at 3, 9-10.

Examining Plaintiff's allegations for purposes of establishing personal jurisdiction, the Court finds an absence of any facts from which to conclude that Oklahoma was the "focal point" of the alleged slander committed by Tilley and Sachs. *See Calder*, 465 U.S. at 789. Plaintiff does not allege facts from which to conclude that his business activities were centered in Oklahoma, that the slanderous statements targeted business activities centered in Oklahoma, or that they were made to an Oklahoma resident or somehow directed toward an Oklahoma audience. In short, the Court finds

insufficient facts from which to conclude that the alleged defamation was expressly aimed at Oklahoma. Therefore, the Court finds that Plaintiff has failed to make a sufficient showing to establish personal jurisdiction over Tilley and Sachs for Plaintiff's tort action against them in this forum.

### 2. Alter-Ego Theory

Plaintiff's effort to establish personal jurisdiction over Satilco for his declaratory judgment action against it "is identical to the basis for [the Court's] exercise of jurisdiction over Defendants Tilley and Sachs." *See* Pl.'s Resp. Br. [Doc. No. 18] at 8. Plaintiff argues that, in essence, Satilco was a "shell company used solely for Defendants Tilley and Sachs to derive a benefit at his expense." *See id.* Because Plaintiff has failed to present sufficient facts to establish personal jurisdiction over Tilley and Sachs for this action against them, he also has not established a basis for personal jurisdiction over Satilco under this theory.

Further, the only legal authority cited for this alter-ego theory of personal jurisdiction is *Quarles v. Fuqua Industries, Inc.*, 504 F.3d 1358, 1362 (10th Cir. 1974), in which the court found insufficient facts to establish jurisdiction under the alter ego doctrine, even assuming it might be applied under proper circumstances. "Under this doctrine, the corporate entity is disregarded and liability fastened on an individual who uses the corporation merely as in instrumentality to conduct his own personal business." *Id.* In this case, Plaintiff fails to allege sufficient facts in his Complaint to provide a basis for application of the alter ego doctrine. For this additional reason, the Court finds that Plaintiff has failed to establish jurisdiction over Satilco in Oklahoma as an alter ego of Tilley and Sachs.

**Conclusion**

For these reasons, the Court finds that Plaintiff has failed to make a *prima facie* showing of personal jurisdiction in this forum for his action against Defendants Tilley, Sachs and Satilco.

IT IS THEREFORE ORDERED that Defendants' Satilco, Tilley, and Sachs's 12(b)(2) Motion to Dismiss [Doc. No. 12] is GRANTED. Plaintiff's action against these defendants is dismissed without prejudice for lack of personal jurisdiction.

IT IS SO ORDERED this 17th day of May, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE