IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT B. CLEVELAND, )
)
Plaintiff, )
)
v. ) Case No. CIV-12-789-D
)
TALENT SPORT, INC., *et al*., )
)
Defendants. )

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 13], filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff has timely opposed the Motion, which is fully briefed and at issue.

**Factual Background**

Plaintiff Robert Cleveland brings suit against Defendant Talent Sport, Inc. ("TSI"), asserting claims related to the termination of their business relationship, including breach of contract, declaratory judgment, accounting, and slander. By the Motion, TSI seeks a partial dismissal of the Complaint. Defendant contends Plaintiff's declaratory judgment claim improperly seeks an adjudication of claims for damages, and that his slander claim is not supported by sufficient factual allegations to state a cognizable claim.[2]

The Complaint alleges Plaintiff is a former president of TSI, which is owned in equal shares by two individuals, Doug Tilley ("Tilley") and Herb Sachs ("Sachs"). Plaintiff claims he had an oral compensation agreement that was breached in January, 2012, when TSI failed to pay business

---

[1] Three of the movants also filed a separate motion to dismiss for lack of personal jurisdiction; they joined the Rule 12(b)(6) motion only as an alternative ground for dismissal. By separate order, the Court has granted the jurisdictional motion, and dismissed these defendants. Accordingly, the Court considers this motion only as it relates to the one remaining defendant.

[2] The Motion does not request dismissal of Plaintiff's breach of contract or accounting claims.

expenses incurred and commissions earned during 2011, and terminated his health insurance benefits effective February 1, 2012. Plaintiff also claims TSI breached the agreement by failing to pay his proportionate share of profits for years 2007 through 2011. As a separate claim, Plaintiff seeks a declaratory judgment regarding certain disputed issues. He seeks the following determinations: that TSI breached their oral contract; that TSI paid inflated rent to lease a building owned by Satilco, Inc. ("Satilco"), which allegedly is controlled by Tilley and Sachs, thus causing Plaintiff's share of profits to be underpaid; that he is entitled to an accounting from TSI; that he is owed a sum of money in excess of one million dollars; that TSI has failed to act in good faith and deal fairly with Plaintiff in the performance of their contract; and that Plaintiff is entitled to recover his costs and attorney fees incurred in this action. Plaintiff's slander claim is based on allegations that TSI, Tilley and Sachs made false and defamatory statements to a third party in October, 2011, stating that Plaintiff was dishonest and that he had taken money from TSI, as discussed more fully below.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679. Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a

particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Analysis

Plaintiff contends his declaratory judgment claim properly seeks a judicial determination of issues of contract construction and subsidiary issues regarding the amount of damages (e.g., whether an inflated lease with Satilco caused TSI to understate profits). Plaintiff also contends the factual allegations of his Complaint are sufficient to state a slander claim.

### A. Plaintiff's Declaratory Judgment Claim

Defendant's challenge to Plaintiff's declaratory judgment claim is not based on the sufficiency of his factual allegations, but on the principle that a federal court should not entertain a claim governed by the Declaratory Judgment Act, 28 U.S.C. § 2201, that simply seeks a determination of issues presented by a separate claim for damages. TSI contends Plaintiff's breach of contract claim necessarily will require a determination of the same issues that Plaintiff seeks to resolve by declaratory judgment and, thus, the latter claim should be dismissed as duplicative of the contractual claim. Plaintiff responds by simply arguing that a declaratory judgment action is a proper means to resolve issues of contract construction and interpretation, even though an award of damages or other relief is sought.[3]

Upon consideration of Plaintiff's argument, the Court finds that it fails to adequately address the issue raised by Defendant's Motion. It is well established that the Declaratory Judgment Act

[3] Plaintiff also argues that a declaratory judgment action is proper means to determine the legal relationships between Satilco and the other defendants. However, Satilco is no longer a party to this case.

confers "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002). The question whether to exercise this discretion ordinarily arises in the context of parallel litigation in state and federal courts, and the answer typically hinges on the similarity of parties and issues, although several factors should be considered. *See Las Cruces*, 239 F.3d at 1182-83 (reaffirming the *Mhoon* factors); *see State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). The court of appeals has repeatedly stated: "In determining whether to exercise their discretion, district courts should consider the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*. 685 F.3d 977, 980-81 (10th Cir. 2012) (quoting *Mhoon*, 31 F.3d at 983 (internal quotations omitted)).

Assuming these same factors may also guide a decision whether to entertain a separate declaratory judgment claim in this case, the Court finds all applicable factors weigh in favor of dismissal of Plaintiff's duplicative claim. Plaintiff does not identify any issue for resolution by declaratory relief that cannot be resolved in the context of his separate claims for breach of contract and for an accounting. Because it appears that all issues identified for resolution by declaratory judgment will be decided in adjudicating his other claims, Plaintiff's declaratory judgment claim

serves no useful purpose.[4] Further, a separate resolution of the enumerated issues, presumably apart from a jury trial on Plaintiff's breach of contract claim, would not be an effective remedy. The Court finds no need to issue a declaratory judgment regarding issues inherent in Plaintiff's other claims.

For these reasons, the Court declines to entertain Plaintiff's declaratory judgment action. Therefore, Plaintiff's claim for a declaratory judgment will be dismissed without prejudice.

**B. Slander Claim**

The Complaint alleges that "Plaintiff learned on or about January, 2011, that Defendants Tilley, Sachs, and [TSI] were making false and defamatory statements to third parties that Plaintiff was dishonest, that Plaintiff had stolen money from [TSI], that Plaintiff was lazy and unprofessional, and that [TSI] would not pay the money and benefits owed of over a million dollars because of Plaintiff's alleged dishonesty." *See* Compl. [Doc. No. 1], ¶ 40. The Complaint also alleges:

> 64. On or about October, 2011, Defendants [TSI], Sachs and Tilley made false and defamatory statements to Richard McGrath ("McGrath") that Plaintiff was dishonest and that Plaintiff had money [sic] from [TSI].
>
> 65. The defamatory matter, communicated to McGrath, did cause, and was calculated to cause, great injury to Plaintiff's reputation and to cause those persons to believe that Plaintiff was dishonest and a thief.
>
> 66. At the time of the defamatory publications, Defendant Tilley knew the words were untrue, and in making the defamatory publication, Defendants acted with malice towards Plaintiff.

---

[4] Notably, the principal case cited by Plaintiff for the proposition that a declaratory judgment action may be used to determine the construction of a contract, even if damages or other relief is sought, does not support his position. In *Panhandle Eastern Pipe Line Co. v. Michigan Consolidated Gas Co.*, 177 F.2d 942, 944 (6th Cir. 1949), the court of appeals reversed the district court's decision to hear a case and to issue injunctive relief, in part, because "no declaration should be made unless it serves a useful, practical purpose."

> 67. As a result of the slanderous actions of Defendants [TSI], Sachs and Tilley of Defendant Tilley's *per se* slander of Plaintiff, Plaintiff has been damaged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.).

*Id*. Although the Complaint does not identify who made a particular statement or who spoke for TSI, Plaintiff argues in response to the Motion that one can infer from his allegations, based on the principle that a corporation can act only through officers or employees, that Sachs and Tilley made the alleged statements on behalf of TSI. *See* Pl.'s Resp. Br. [Doc. No. 17] at 3, 9-10.

"To state a claim for libel, a plaintiff must allege that a defendant made: '(1) a false and defamatory statement concerning [plaintiff]; (2) an unprivileged publication to a third party; and (3) fault amounting to at least negligence on the part of the publisher.'" *Peterson v. Grisham*, 594 F.3d 723, 728 (10th Cir. 2010) (quoting *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 335 F.3d 1161, 1166 (10th Cir. 2003); applying Oklahoma law).[5] In this case, Plaintiff contends the factual allegations of his Complaint, together with reasonable inferences drawn in his favor, are sufficient to state a defamation claim.

Examining the factual allegations in support of Plaintiff's slander claim, the Court finds insufficient facts to state a plausible claim against TSI. The theory of liability argued in Plaintiff's brief is not tied to any factual allegation in the Complaint. Plaintiff's pleading does not state, for example, that Tilley and Sachs made the alleged slanderous statements while acting in positions of authority with TSI; other factual allegations of the Complaint suggest the opposite is true. Plaintiff alleges that Tilley and Sachs wanted to sell their stock in TSI and preferred to sell to Plaintiff; that they attempted for several years to reach agreement on purchase terms; that their relationship

---

[5] A plaintiff must either plead and prove special damages or "prove libel per se, which requires a statement that is 'clearly defamatory on its face.'" *Peterson*, 594 F.3d at 728 (quoting *Miskovsky v. Tulsa Tribune Co.*, 678 P.2d 242, 247 (Okla. 1983)). Defendant does not challenge Plaintiff's position that the alleged slanderous statements would constitute libel *per se.*

became strained after negotiations failed; and that Tilley and Sachs then stopped communicating with Plaintiff and TSI, and began making false and defamatory statements about him. *See* Compl. [Doc. No. 1], ¶¶ 25, 34, 36-37. These allegations would suggest that Tilley and Sachs were not speaking as officers of TSI at that time.[6] Also, regarding the alleged degree of fault involved, the Complaint alleges only that Tilley knew the statements were untrue. Thus, for TSI to have knowingly made a false statement, Tilley's knowledge must be attributed to TSI. Plaintiff does not articulate a basis for this inference to be drawn from the facts alleged in his pleading.

In assessing the sufficiency of the Complaint to state a claim, the Court is mindful that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal quotation omitted). No party cites a case applying the plausibility standard in the context of a defamation action. Drawing on judicial experience and common sense, however, the Court concludes that the allegations of Plaintiff's Complaint fail to give TSI fair notice of the basis of Plaintiff's slander claim against it. Therefore, the Court finds that the Complaint fails to state a plausible slander claim aginast TSI.

Although the Complaint fails to state a slander claim, the court of appeals has repeatedly held that "the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). In this case, because the deficiency in Plaintiff's pleading might

---

[6] The Complaint alleges that Tilley retired from TSI in 2008; it does not allege that Sachs has retired but states that he "is age 86." *See id*. ¶¶ 12, 42. Thus, the Court assumes they were not acting as employees of TSI in 2011. Further, Plaintiff argues that his allegations of malicious conduct warranting punitive damages would suggest that the speakers (Tilley and Sachs) were acting outside the scope of their office and not on behalf of TSI. *See* Pl.'s Resp. Br. [Doc. No. 17] at 9-10.

be remedied through more specific pleading, a Rule 12(b)(6) dismissal with leave to amend should be granted.

**Conclusion**

For these reasons, Plaintiff's declaratory judgment claim is dismissed without prejudice, and his slander claim against TSI is dismissed with leave to amend.

IT IS THEREFORE ORDERED that Defendants' 12(b)(6) Motion to Dismiss [Doc. No. 13] is GRANTED, as set forth herein. Plaintiff may file an amended complaint within 14 days of the date of this Order.

IT IS SO ORDERED this 17th day of May, 2013.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE